UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY RAINS,<br><br>                          Plaintiff,<br><br>    v.<br><br>NEWMONT USA LIMITED, a foreign<br>corporation,<br><br>                          Defendant. | Case No. 3:12-cv-00517-MMD-VPC<br><br>ORDER<br><br>(Motion to Dismiss Second Amended<br>Complaint – dkt. no. 21) |

## I.    SUMMARY

Before the Court is Defendant Newmont USA Limited's Motion to Dismiss Second Amended Complaint (dkt. no. 21).   For the reasons discussed below, the motion is granted.

## II.    BACKGROUND

Plaintiff Anthony Rains alleges that he was employed by Defendant as a miner. (Dkt. no. 20 at ¶ 3.) Plaintiff states that he had arthritis in his foot joints (*id.* at ¶ 4), and a heart complication that required time off from work, (*id.* at ¶ 5). According to Plaintiff, he returned to work from an unspecified period of medical leave on November 15, 2011, and was demoted. (*Id.* at ¶9.) Plaintiff alleges that he "decided that for safety reasons, he would not be able to finish his shift" and "requested permission to leave due to his serious mental and emotional health condition caused by the demotion." (*Id.* at ¶11.) Plaintiff's supervisor allegedly told him he could leave but that he "could get a write-up."

1   (*Id.*) Plaintiff states that he left anyway and was suspended on November 16, 2011, and

2   terminated on November 20, 2011 because he "abandoned his job[.]" (*Id.* at ¶11, 13.)

3        In the Second Amended Complaint, Plaintiff brings a claim for interference under

4   the Family Medical Leave Act ("FMLA") and a claim for tortious discharge. Defendant

5   moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

6   **III.   LEGAL STANDARD**

7        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

8   relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide

9   "a short and plain statement of the claim showing that the pleader is entitled to relief."

10   Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

11   Rule 8 does not require detailed factual allegations, it demands more than "labels and

12   conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

13   *Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

14   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

15   U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient

16   factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

17   678 (internal citation omitted).

18        In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

19   apply when considering motions to dismiss.  First, a district court must accept as true all

20   well-pled factual allegations in the complaint; however, legal conclusions are not entitled

21   to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a

22   cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

23   Second, a district court must consider whether the factual allegations in the complaint

24   allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the

25   plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that

26   the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does

27   not permit the court to infer more than the mere possibility of misconduct, the complaint

28   has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal

1    quotation marks omitted). When the claims in a complaint have not crossed the line from

2    conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

3         A complaint must contain either direct or inferential allegations concerning "all the

4    material elements necessary to sustain recovery under some viable legal theory."

5    *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

6    1106 (7th Cir. 1989) (emphasis in original)).

7    **IV.    ANALYSIS**

8         **A.    Family Medical Leave Act**

9         To establish a claim for interference under the FMLA, Plaintiff must allege: (1) that

10   he exercised his rights under the FMLA; (2) Defendant engaged in activity designed to

11   chill his exercise of those rights; and (3) Defendant's activities were motivated by the

12   exercise of those rights. *See Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112,

13   1124-26 (9th Cir.2001). Under the FMLA, "an eligible employee shall be entitled to a

14   total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious

15   health condition that makes the employee unable to perform the functions of the position

16   of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is defined as

17   "an illness, injury, impairment, or physical or mental condition that involves: (A) inpatient

18   care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment

19   by a health care provider." 29 U.S.C. § 2611(11).

20        Regulations promulgated by the Secretary of Labor provide a definition of

21   "continuing treatment by a health care provider" that includes, in relevant part "[a] period

22   of incapacity (i.e., inability to work . . . ) of more than three consecutive calendar days,

23   and any subsequent treatment or period of incapacity relating to the same condition, that

24   also involves: (A) Treatment two or more times by a health care provider . . . ; or (B)

25   Treatment by a health care provider on at least one occasion which results in a regimen

26   of continuing treatment under the supervision of the health care provider." 29 C.F.R. §

27   825.114(a)(2)(I). The regulations further provide that "[a] regimen of continuing treatment

28   ///

1    includes, for example, a course of prescription medication (e.g., an antibiotic)." 29 C.F.R.

2    § 825.113(b).

3         Plaintiff has failed to sufficiently allege that he exercised his rights under the

4    FMLA. The Second Amended Complaint states that "[u]pon returning to work from

5    medical leave on November 15, 2011," Plaintiff was demoted. (Dkt. no. 20 at ¶9.) It does

6    not state any specific facts as to why that leave was taken or the medical condition that

7    necessitated it. The Second Amended Complaint does mention Plaintiff's arthritis and

8    heart problems and mentions that Plaintiff took time off to deal with those conditions but

9    it does not connect those conditions to the medical leave that allegedly resulted in

10   Plaintiff's demotion on November 15, 2011. Similarly, the Second Amended Complaint

11   contains no factual allegations that connect the leave of absence taken on November

12   15, 2011, to a "serious health condition." Instead, the Second Amended Complaint baldly

13   states that Plaintiff left work on November 15, 2011, "due to his serious mental and

14   emotional health condition caused by the demotion." (*Id.* at ¶11.) The actual condition,

15   and whether Plaintiff sought any treatment or care, is left vague and thus the Court

16   cannot conclude that Plaintiff was exercising his rights under the FMLA when he left

17   work on November 15, 2011.

18        Plaintiff has also failed to allege that Defendant's actions in demoting and

19   terminating Plaintiff were motivated by or even related to the exercise of his FMLA rights.

20   To the extent that the Second Amended Complaint is alleging that it was the absences

21   Plaintiff took to deal with his heart problems and arthritis that caused his demotion and

22   termination, the Second Amended Complaint fails to allege any specific facts supporting

23   that theory of causation. It does not say when Plaintiff took those prior leaves of absence

24   and how close they were in proximity to his demotion on November 15, 2011, and his

25   termination on November 20, 2011. The prior leaves of absence could have been

26   weeks, months or years before his termination.

27        The Second Amended Complaint is vague and leaves the Court in a situation in

28   which it must make assumptions in order to fill in the blanks as to the timing of Plaintiff's

1   leaves of absence and whether the conditions necessitating leave fall under the FMLA.

2   Thus, Plaintiff's FMLA claim lacks factual support and fails to rise above a "speculative

3   level." *Twombly*, 550 U.S. at 555.

4       **B.    Tortious Discharge**

5       As the Nevada Supreme Court has explained, "[a]n employer commits a tortious

6   discharge by terminating an employee for reasons [that] violate public policy." *D'Angelo*

7   *v. Gardner*, 107 Nev. 704, 712 (Nev. 1991). The Nevada Supreme Court does not

8   recognize tortious discharge actions by at-will employees except in "those rare and

9   exceptional cases where the employer's conduct violates strong and compelling public

10  policy." *Wayment v. Holmes*, 112 Nev. 232, 236 (1996) (citations omitted). Not all

11  terminations contrary to public policy necessarily implicate a "strong and compelling

12  public policy." *See, e.g., Sands Regent v. Yalgardson*, 777 P.2d 898, 899 (Nev.1989)

13  (finding that Nevada has a public policy against age discrimination but that it is not

14  sufficiently "strong or compelling"). Terminating an at-will employee for insubordination is

15  not contrary to public policy. *See Wayment v. Holmes,* 912 P.2d 816, 819 (Nev.1996).

16  Finally, recovery for tortious discharge is not permitted under Nevada law where there

17  are mixed motives for the termination. *Allum v. Valley Bank of Nev.*, 970 P.2d 1062,

18  1066 (Nev.1998). The protected activity must have been the sole proximate cause of the

19  termination. *Id.*

20      The Amended Complaint does not offer any facts in support of its blanket

21  assertion that there are "mine safety and health laws" at issue in this case. (Dkt. no. 20

22  at ¶11, 29.) The Second Amended Complaint does not identify the laws at issue or

23  provide any facts to support its assertion that Plaintiff was terminated solely because he

24  refused to violate said laws. Such vague allegations amount to recitation of the elements

25  ///

26  ///

27  ///

28  ///

1  supported by conclusory statements and are not sufficient to survive a motion to dismiss.

2  *Iqbal*, 556 U.S. at 678.[1]

3      Defendant asks the Court to dismiss this action with prejudice. (Dkt. no. 21 at 14-

4  15.) Although Plaintiff has filed two amended complaints, he has not had the opportunity

5  to file an amended complaint after the Court has decided a motion to dismiss. The Court

6  cannot conclude at this stage that amendment would be futile. Further, Plaintiff will not

7  be unfairly prejudiced by having to respond to similar claims.

8  **V.     CONCLUSION**

9      It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 21) is granted.

10  Plaintiff's claim is dismissed without prejudice.

11

    DATED THIS 16th day of December 2013.

12

13

14                MIRANDA M. DU
              UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

_____

25  [1]Plaintiff's opposition states that Nevada has a strong interest in its "healthy and robust" mining industry and that the state legislature "found mine safety to be so

26  important" that it enacted a statute that empowers a state administrator to adopt mine health and safety regulations that may provide more protection than the Federal Mine

27  Safety and Health Act. (Dkt. no. 24 at 4-5.) While Plaintiff argues that "[t]his is the important public policy" he asserts, it is not articulated in the Second Amended

28  Complaint.