UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY RAINS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>NEWMONT USA LIMITED, a foreign corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 3:12-cv-00517-MMD-VPC<br><br>ORDER<br><br>(Def.'s Motion for Fees – dkt. no. 51) |

**I.　SUMMARY**

The Court dismissed this action with prejudice after twice granting Plaintiff Anthony Rains leave to amend. (Dkt. no. 49.) Defendant Newmont USA Limited moves for an award of attorney's fees. (Dkt. no. 51.) Plaintiff filed an opposition (dkt. no. 54) and Defendant has replied (dkt. no. 55). For the reasons discussed below, Defendant's Motion for Fees ("Motion") is granted in part and denied in part.

**II.　BACKGROUND**

　　**A.　Relevant Facts**

The relevant background facts are recited in the Court's previous Orders. (Dkt. nos. 41, 49.) In his Third Amended Complaint ("TAC"), Plaintiff alleges that he was employed by Defendant as a miner beginning in 2008. (Dkt. no. 42 ¶ 3.) Plaintiff states that he had a foot and ankle injury, and a heart complication that required time off from work. (*Id.* ¶¶ 4-5.) According to Plaintiff, he returned to work from an unspecified period

1 | of "medical leave" on November 15, 2011, and was demoted for his absences. (*Id.* ¶ 9.)
2 | That same day, Plaintiff alleges he "decided that for safety reasons, he would not be
3 | able to finish his shift" and "requested permission to leave due to his serious mental and
4 | emotional health condition caused by the demotion." (*Id.* ¶ 11.) Plaintiff's supervisor
5 | allegedly told him he could leave, but he "could get a write-up" for doing so. (*Id.*) Plaintiff
6 | states that he left anyway and was suspended on November 16, 2011, and terminated
7 | on November 20, 2011, because he had "abandoned his job." (*Id.* ¶¶ 11-13.)

### B. Procedural History

Plaintiff filed his initial Complaint on September 25, 2012. (Dkt. no. 1.) He filed an Amended Complaint on November 9, 2012. (Dkt. nos. 10, 11.) Defendant moved to dismiss (dkt. no. 15) and the parties stipulated to permit Plaintiff to amend his Complaint (dkt. no. 18). The parties agreed that Plaintiff "should be granted leave to file a Second Amended Complaint which will delete the claim for relief under the Americans with Disabilities Act and will add clarifying factual information with respect to the remaining allegations of the pleading." (*Id.* at 1.) The Court granted the stipulation. (Dkt. no. 19.)

Plaintiff filed a Second Amended Complaint ("SAC"), asserting a claim for interference under the Family Medical Leave Act ("FMLA") and a claim for tortious discharge. (Dkt. no. 20.) Defendant moved for dismissal (dkt. no. 21), which the Court granted with leave to amend. (Dkt. no. 41.) Plaintiff then filed the TAC, alleging the same claims for interference under the FMLA and for tortious discharge. (Dkt. no. 42.) Defendant again moved for dismissal. (Dkt. no. 43.) The Court dismissed the TAC with prejudice. (Dkt. no. 49.)

### III. DISCUSSION

Defendant relies on separate authorities to support its attorney's fees request for defending against Plaintiff's federal and state law claims. First, Defendant contends that an award of fees is appropriate because Plaintiff's claim under the FMLA is frivolous. Second, Defendant relies on NRS § 18.010(2)(b) as the authority for its request for fees because Plaintiff's tortious discharge claim was "brought or maintained without

reasonable ground." (Dkt. no. 51 at 4.) Plaintiff argues that Defendant is not entitled to fees under the FMLA, his FMLA claim was not frivolous, and he had reasonable grounds for asserting his state law claim. The Court will address each claim in turn below.

### A. Fees under the FMLA

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 415 (1978) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)). Defendant argues that the FMLA provides the statutory source for its attorney's fees request and relies on authorities that generally govern the standard for determining whether to impose an award of fees as support. Plaintiff points out that the FMLA does not authorize an award of attorney's fees to a prevailing defendant. The Court agrees.

According to the FMLA's counsel-fee provision, in an action against any employer, the court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3). This provision makes fee awards mandatory for a prevailing plaintiff, but is silent as to fees for a prevailing defendant. The plain language of § 2617(a)(3) does not support Defendant's argument that fees should be awarded to a defendant who prevails.

Defendant argues that the Supreme Court has determined that an award of fees is appropriate where "a plaintiff's federal claims are 'unreasonable, frivolous, meritless or vexatious.'" (Dkt. no. 51 at 3-4 (quoting *Christiansburg Garment*, 434 U.S. at 421).) However, the cited Supreme Court decision of *Christiansburg Garment* does not support such a general right to attorney's fees.[1] To the contrary, in *Christiansburg Garment*, 434 U.S. at 415–16, the Supreme Court observed that Congress has created limited

---

[1]Defendant also cites to *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998), but that case involved the fee provision under 42 U.S.C. § 1988 (for claims brought under 42 U.S.C. § 1983), which gives the court discretion to award fees to the prevailing party. Defendant has not identified any similar provision in the FMLA.

3

exceptions to the general rule that litigants bear their own fees by adopting federal statutes that allow for attorney's fees. The Court summarized these various statutory counsel-fee provisions, noting that "[s]ome of these statutes make fee awards mandatory for prevailing plaintiffs; others make awards permissive but limit them to certain parties, usually prevailing plaintiffs," and "many of the statutes are more flexible, authorizing the award of attorney's fees to either plaintiffs or defendants." *Id.* (footnotes omitted). The fee provision under Title VII, for instance, falls within this latter "more flexible" category.[2] *Id.* at 416. The Court then went on to determine the standard for awarding fees to a prevailing defendant in a Title VII action — a court must find that a plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422.

This standard does not apply here because the FMLA's counsel-fee provision provides for fees only for a plaintiff who prevails against a defendant. As the Ninth Circuit has observed, "Congress provided for an award of reasonable attorneys' fees to successful civil rights plaintiffs 'to ensure "effective access to the judicial process" for persons with civil rights grievances.'" *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1261-62 (9th Cir. 1987) (quoting *Hensley v Eckerhart*, 461 U.S. 424, 429 (1983)). This policy does not carry over to a prevailing defendant in an action brought under the FMLA.

Defendant further argues that courts have evaluated requests for fees under the FMLA in the same manner as motions for fees under other civil rights statutes, such as Title VII. But Defendant confuses the statutory right to attorney's fees with the standard for determining the reasonableness of the fees requested. In one of Defendant's cited cases, *Navarro v. Gen. Nutrition Corp.*, No. C–03–0603SBAEMC, 2004 WL 2648373, at *2 (N.D. Cal. Nov. 19, 2004), the court observed that courts evaluate motions for attorney's fees under the FMLA in the same manner as motions filed under other civil

---

[2] The relevant statute provides, in pertinent part, that "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e-5(k).

1  rights statutes in that they apply the lodestar method. *Navarro* does not support
2  Defendant's contention that fees should be awarded to a prevailing defendant under the
3  FMLA.
4      In sum, the Court must make the following inquiries in determining whether to
5  award attorney's fees to Defendant for prevailing on Plaintiff's FMLA claim: (1) whether
6  the FMLA authorizes awarding fees to a prevailing defendant; (2) if so, what standard
7  the Court should apply in determining whether to award fees; and (3) whether the
8  amount of fees requested is reasonable. *See Christiansburg Garment*, 434 U.S. at 417-
9  23; *Morales v City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) ("'The lodestar
10 determination has emerged as the predominate element of the analysis' in determining a
11 reasonable attorney's fee award." (quoting *Jordan*, 815 F.2d at 1262)), *amended on*
12 *denial of reh'g by* 108 F.3d 981 (9th Cir. 1997). The Court's inquiry ends with a
13 determination that the FMLA does not authorize fees to Defendant. Defendant attempts
14 to overcome this statutory bar by trying to collapse the three inquiries into the single
15 determination of whether Plaintiff's FMLA claim was frivolous or vexatious.
16     Because the FMLA does not give a prevailing defendant the right to recover
17 attorney's fees, Defendant's request for fees incurred in defending Plaintiff's FMLA claim
18 is denied.[3]

19     **B.**    **Fees under State Law**

20     "In an action where a district court is exercising its subject matter jurisdiction over
21 a state law claim, so long as 'state law does not run counter to a valid federal statute or
22 rule of court, and usually it will not, state law . . . giving a right [to attorney's fees], which
23 reflects a substantial policy of the state, should be followed.'" *MRO Commc'ns, Inc. v.*
24 *Am. Telephone & Telegraph Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska*

---

[3] In its reply, Defendant claims that because the Amended Complaint alleged a claim under the Americans with Disabilities Act ("ADA"), which authorizes fees to a prevailing party, Defendant is entitled to fees under the ADA. (Dkt. no. 55 at 2.) However, the parties stipulated to permit Plaintiff to amend the Amended Complaint to remove the ADA claim. (Dkt. no. 18 at 1.) The Court therefore cannot find that the Amended Complaint was frivolous.

*Pipeline Serv. Co.*, 421 U.S. at 259 n.3). Section 18.010(2)(b) of the Nevada Revised Statutes gives the court discretion to award attorney's fees to a prevailing party where the claim "was brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.010(2)(b). The court must determine if evidence in the record exists to support "the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 238 (Nev. 2005) (quoting *Semenza v. Caughlin Crafted Homes,* 901 P.2d 684, 687 (Nev. 1995)).

The records here compel a finding that the tortious discharge claim was brought without reasonable grounds. The law governing this claim is well established. The Nevada Supreme Court does not recognize tortious discharge actions by at-will employees except in "those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Wayment v. Holmes*, 912 P.2d 816, 818 (Nev. 1996) (quoting *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989)). Nevada law does not permit recovery for tortious discharge where there are mixed motives for an employee's termination; rather, the employee's protected activity must have been the sole proximate cause of the termination. *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998).

Plaintiff's allegations failed to identify the particular law or policy necessary to show that he engaged in protected activity, and, in turn, to satisfy this proximate cause requirement. In dismissing the SAC, the Court noted that Plaintiff failed to identify specifically the "health and mine safety laws" alleged in the SAC, or to provide any facts to support his allegation that he was terminated solely because he refused to violate those laws. (Dkt. no. 41 at 5.) Yet, Plaintiff filed a TAC that contains essentially the same allegations as the SAC. The TAC also failed to address the two main factual deficiencies pointed out in the Court's Order dismissing the SAC. (Dkt. no. 49 at 6-7.) Plaintiff's failure to cure these deficiencies shows that he lacked reasonable grounds to assert the claim in the first place.

Plaintiff contends that by granting him leave to amend, the Court encouraged him to believe that he could convince the Court that his claims have merit. (Dkt. no. 54 at 1-2.) The parties have an obligation not to advance a frivolous claim. This obligation is not alleviated by the Court's decision to grant leave to amend, particularly where the Court identifies specific deficiencies in a complaint. Under these circumstances, Plaintiff's failure to cure only underscores the fact that he brought the claim without reasonable grounds.

The Court therefore grants Defendant's request for attorney's fees relating to its defense of the tortious discharge claim.

**IV.   CONCLUSION**

It is therefore ordered that Defendant's Motion for Fees (dkt. no. 51) is granted in part and denied in part. It is granted with respect to attorney's fees relating to the state law claim. It is denied with respect to attorney's fees relating to the federal claim. Defendant is directed to submit a revised affidavit of counsel to identify the fees incurred relating to the state law claim. The revised affidavit must be filed within fifteen (15) days. Plaintiff will be given fifteen (15) days to object to the reasonableness of the fees requested.

DATED THIS 25th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE